UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **5:21-cv-00099-JAK (SHK)** | Date: | April 14, 2021 |
|---|---|---|---|

| Title: | *Steven Malcolm Hunter v. Warden Felipe Martinez, Jr., et al.* |
|---|---|

Present: The Honorable   Shashi H. Kewalramani, United States Magistrate Judge

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings (IN CHAMBERS):   Order To Show Cause**

     On December 23, 2020, Plaintiff Steven Malcolm Hunter ("Plaintiff"), an inmate housed at United States Penitentiary ("USP") Victorville, constructively filed[1] a civil rights complaint ("Complaint" or "Compl.") under 42 U.S.C. § 1983 ("§ 1983") against USP Victorville Warden Felipe Martinez, Jr., and various other individuals.  Electronic Case Filing Number ("ECF No.") 1, Compl.

     On January 20, 2021, the Court received Plaintiff's request for a blank application to proceed in forma pauperis ("IFP Application Request").  ECF No. 3, IFP Application Request.  On January 27, 2021, the Court granted Plaintiff's IFP Application Request, directed the Clerk of Court to send Plaintiff a blank CV-60 IFP Application Form, and ordered Plaintiff to "complete, sign, and return the CV-60 IFP Application by February 15, 2021."  ECF No. 6, Order Granting Request for IFP Application [ECF No. 3] and Denying "Emergency" Request for Appointment of Counsel and Restraining Order [ECF No. 2] ("Order") at 6.  The Court warned Plaintiff that "failure to return the signed and completed IFP Application in a timely manner may result in the case being dismissed for failure to prosecute it diligently and to follow Court orders."  Id.  A review of the Court's docket indicates that the CV-60 IFP Application Form was sent to Plaintiff.  See ECF No. 6-1, CV-60 IFP Application Form at 1-2.

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (applying the mailbox rule to civil rights suits filed by pro se prisoners).

On February 12, 2021, the Court received Plaintiff's "Notice of Reason Why Plaintiff Have Return To This Court Order of January 27, 2020" ("Second IFP Application Request"), which the Court construed as a second CV-60 IFP application request, as well as what appeared to be the Court's Order that Plaintiff has torn up and sent back to the Court.  ECF No. 7, Second IFP Request (capitalization normalized).

Despite Court records indicating that a CV-60 IFP Application Form was sent to Plaintiff, the Court granted Plaintiff's Second IFP Application Request and directed the Clerk or Court to send Plaintiff another blank CV-60 IFP Application Form.  ECF No. 10, Order Granting Second IFP Request at 2.  Plaintiff was ordered to return the completed and signed CV-60 IPF form by March 11, 2021 and was "again warned that failure to timely submit the completed, signed, CV-60P IFP Application Form may result in the case being dismissed for failure to prosecute it diligently and to follow Court orders."  Id.  As of the date of this Order, Plaintiff has not returned the completed and signed CV-60 IPF Application Form as ordered.

Consequently, Plaintiff is ordered to show cause by **April 28, 2021** why this case should not be dismissed for failure to prosecute and follow Court orders.  Plaintiff may satisfy this order by timely filing his completed and signed CV-60P IFP Application Form as ordered.  Plaintiff is cautioned that no further extensions of time to submit his CV-60P IFP Application Form will be granted and that failure to timely file his CV-60P IFP Application Form **will result in this action being dismissed,** with or without prejudice, for failure to prosecute and follow Court orders.

**IT IS SO ORDERED.**