UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN MALCOLM HUNTER,<br><br>                  Plaintiff,<br><br>                v.<br><br>FELIPE MARTINEZ, JR., et al.,<br><br>                Defendants. | Case No. 5:21-cv-00099-JAK (SHK)<br><br>**ORDER DISMISSING CASE** |

For the reasons discussed below, the case is **DISMISSED** without prejudice.

## I.    BACKGROUND

On December 23, 2020, Plaintiff Steven Malcolm Hunter ("Plaintiff"), an inmate previously housed at United States Penitentiary ("USP") Victorville, proceeding pro se, constructively filed[1] a civil rights complaint ("Complaint" or "Compl.") under 42 U.S.C. § 1983 ("§ 1983") against USP Victorville Warden

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (applying the mailbox rule to civil rights suits filed by pro se prisoners).

Felipe Martinez, Jr., and various other individuals ("Defendants").  Electronic Case Filing Number ("ECF No.") 1, Compl.

On January 20, 2021, the Court received Plaintiff's request for a blank application to proceed in forma pauperis ("IFP Application Request").  ECF No. 3, IFP Application Request.  On January 27, 2021, the Court granted Plaintiff's IFP Application Request, directed the Clerk of Court to send Plaintiff a blank CV-60 IFP Application Form, and ordered Plaintiff to "complete, sign, and return the CV-60 IFP Application by February 15, 2021."  ECF No. 6, Order Granting Request for IFP Application [ECF No. 3] and Denying "Emergency" Request for Appointment of Counsel and Restraining Order [ECF No. 2] ("Order") at 6.  The Court warned Plaintiff that "failure to return the signed and completed IFP Application in a timely manner may result in the case being dismissed for failure to prosecute it diligently and to follow Court orders."  Id.  A review of the Court's docket indicates that the CV-60 IFP Application Form was sent to Plaintiff.  See ECF No. 6-1, CV-60 IFP Application Form at 1-2.

On February 12, 2021, the Court received Plaintiff's Second IFP Application Request, as well as what appeared to be the Court's Order that Plaintiff had torn up and returned to the Court.  ECF No. 7, Second IFP Request.  Despite Court records indicating that a CV-60 IFP Application Form was sent to Plaintiff with its Order, which Plaintiff shredded and sent back to the Court, the Court nevertheless granted Plaintiff's Second IFP Application Request, directed the Clerk of Court to send Plaintiff another blank CV-60 IFP Application Form, and ordered Plaintiff to return the signed, completed form by March 11, 2021.  See ECF No. 10, Order Granting Second Application Request.  Plaintiff was also "again warned that failure to timely submit the completed, signed, CV-60 IFP Application Form may result in the case being dismissed for failure to prosecute it diligently and to follow Court orders."  Id. at 2.

/ / /

Plaintiff failed to timely submit his signed and completed IFP Application form as ordered, so on April 14, 2021, the Court ordered Plaintiff to show cause ("OSC") by April 28, 2021, why the case should not be dismissed for failure to prosecute and follow Court orders. ECF No. 11, OSC. Plaintiff was instructed that he could satisfy the OSC "by timely filing his completed and signed CV-60P IFP Application Form as ordered" and was "cautioned that no further extensions of time to submit his CV-60P IFP Application Form will be granted and that failure to timely file his CV-60P IFP Application Form **will result in this action being dismissed,** with or without prejudice, for failure to prosecute and follow Court orders." Id. at 2 (emphasis in original).

Plaintiff failed to timely submit his completed and signed CV-60P IFP Application Form as repeatedly ordered. Therefore, on May 21, 2021, the Court again ordered Plaintiff to show cause ("Second OSC") by May 28, 2021 why the case should not be dismissed for failure to prosecute and follow Court orders. ECF No. 12, Second OSC. The Court observed that "Plaintiff has filed many cases before this Court and, in at least two other of Plaintiff's matters that were pending before this Court, the Court received its orders back as undeliverable." Id. at 2. This prompted the Court to perform an independent check of Bureau of Prisons' inmate locator website that stated that Plaintiff was transferred to, and is presently in custody at, USP Canaan in Waymart, Pennsylvania, and is no longer in custody at USP Victorville in Adelanto, California, as indicated on the docket. See Federal BOP, Find an Inmate, https://www.bop.gov/inmateloc/ (last accessed May 13, 2021). The Court also observed, however, that "it d[id] not appear that Plaintiff failed to receive any of the Court's orders in this case because, unlike Plaintiff's other pending cases before this Court, none of the orders that were issued earlier were returned as undeliverable." ECF No. 12, Second OSC at 2. Nevertheless, "out of an abundance of caution, the Court sua sponte extend[ed] Plaintiff's deadline to respond to the Court's previous OSC" until May 28, 2021. Id. Further,

3

Plaintiff was "again cautioned that **no further extensions of time to submit his CV-60P IFP Application Form will be granted** and that failure to timely file his CV-60P IFP Application Form **will result in this action being dismissed,** with or without prejudice, for failure to prosecute and follow Court orders." Id. at 3 (emphasis in original). Plaintiff was also **"reminded that he must keep the Court and opposing parties apprised of his current mailing address pursuant to Central District of California's Civil Local Rule 41-6."** Id. (emphasis in original). Plaintiff has again failed to file his completed CV-60P IFP Application Form as repeatedly ordered, or to otherwise participate in this litigation.

## II.     DISCUSSION

District courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action under Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to comply with court orders).

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); see also Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (setting out similar five factors as in Henderson). "Dismissal is appropriate 'where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal.'" Neal v. Reslan, No. CV 19-09291 PA (ASx), 2020 WL 754366, at *1 (C.D. Cal.

Jan. 16, 2020) (quoting Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263)).  In a case involving sua sponte dismissal, however, the fifth Henderson factor regarding the availability of less drastic sanctions warrants special focus.  Hernandez, 138 F.3d at 399.

      Here, the first two factors—public interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. Despite being warned that this case **will** be dismissed for failure to respond to the Court's multiple OSCs, Plaintiff has failed to do so.  This failure to prosecute and follow Court orders hinders the Court's ability to move this case toward disposition and suggests Plaintiff does not intend to litigate this action diligently. See id.

      The third factor—prejudice to Defendants—also weighs in favor of dismissal.  A rebuttable presumption of prejudice to a defendant arises when a plaintiff unreasonably delays prosecuting an action.  See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (citations omitted).  Here, Plaintiff has unreasonably delayed prosecuting this action as evidenced by Plaintiff's multiple failures to respond to multiple OSCs, failure to keep the Court apprised of Plaintiff's current address, or to otherwise participate in this litigation.  Thus, this "prejudice" element favors dismissal.

      The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal.  However, it is Plaintiff's responsibility to move litigation towards disposition at a reasonable pace and to avoid dilatory and evasive tactics.  See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not met this responsibility despite having been: (1) instructed on his responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so.  Under these circumstances,

though this policy favors Plaintiff, it does not outweigh Plaintiff's failure to obey Court orders or to file responsive documents within the time granted.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. The Court cannot move the case toward disposition without Plaintiff's compliance with Court orders or participation in this litigation. Despite the Court's attempt to obtain a response, Plaintiff has shown he is either unwilling or unable to comply with Court orders by failing to file responsive documents and failing to otherwise cooperate in prosecuting this action. The Court is not aware of any lesser sanction that is available in this case. See Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives.") (citation omitted); Roman v. Smith, No. 2:18-07909 PA (ADS), 2019 WL 8013120, at *1 (C.D. Cal. Nov. 18, 2019).

Accordingly, the Court finds that dismissal of this action, without prejudice, is appropriate here.

### III.   CONCLUSION

For the reasons set forth above, the Court **DISMISSES** this case, without prejudice.

IT IS SO ORDERED.

Dated:   June 9, 2021

JOHN A. KRONSTADT
United States District Judge

Presented by:

HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge

6